Filed 3/2/16  P. v. Fields CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEVONTE SHAWN FIELDS,<br><br>Defendant and Appellant. | C076786<br><br>(Super. Ct. No. 11F05754) |

Defendant Devonte Shawn Fields appeals from his criminal conviction.  He contends the trial court improperly denied him his right to represent himself at postverdict proceedings, namely sentencing and any potential motion for new trial, entitling him to automatic reversal.  Concluding the trial court did not abuse its discretion in denying defendant's motion, we will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In light of the issues raised on appeal, a full recitation of the facts is unnecessary. Rather, in addition to a procedural history of the case, we summarize those facts relevant to the trial court's determination that defendant was not competent to represent himself.

Prior to trial, defendant made multiple requests to have his attorney replaced. During the hearing on one of defendant's *Marsden*[1] motions, he acknowledged that, due to his learning disability, if someone speaks "a little bit too fast," he may not immediately comprehend and would have to think about it later to understand the conversation. At another hearing, he acknowledged that because of his learning disability, he needs things written down to understand them. During the course of another hearing on a *Marsden* motion, defendant indicated that if the trial court would not remove his attorney (who was removed from the case by the public defender's office prior to trial for unrelated reasons), he would like to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*).

Following his request to represent himself, the trial court ordered an evaluation by psychologist Janice Nakagawa, Ph.D., to determine whether defendant was competent to do so because there had been an earlier dispute as to his competency to stand trial. Dr. Nakagawa prepared a report following her examination of defendant. In her report, Dr. Nakagawa described defendant as a man with a lengthy history of psychiatric problems exacerbated by his limited cognitive abilities, who has problems processing information in a thoughtful, coherent way, and who has "extremely limited intellectual resources with respect to being able to monitor and track information" as a result of his limitations. She further noted that due to his "profound limitations" it would be difficult if not impossible for defendant to represent himself, and that he has very little insight

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

with respect to how intellectually and developmentally impaired he is. Thus, she opined "it would be foolhardy, if not disastrous" to permit defendant to represent himself. In reliance on Dr. Nakagawa's evaluation, and acknowledging that previous competency assessments deemed defendant would be competent to *stand trial with counsel*,[2] the trial court (Judge John P. Winn) denied defendant's *Faretta* motion, stating that "it would be an injustice" to permit defendant to represent himself, and that he was not competent to do so.

Ultimately, the case went to trial, at the conclusion of which, a jury convicted defendant of assault with a deadly weapon and possession of a firearm by a convicted felon. The jury also sustained the allegation that defendant had personally used a firearm in the commission of the assault but did not decide whether he had personally and intentionally discharged the firearm. And, following a bifurcated trial on defendant's insanity defense, the jury found defendant was legally sane at the time he committed the crimes for which he was convicted.

At the completion of the initial bifurcated trial, the People elected to retry defendant on the enhancement allegation that defendant had personally and intentionally

---

[2] Even those doctors who assessed defendant's competency to stand trial included in their reports that defendant had been excluded from multiple schools because of his angry outbursts, demonstrated disrespect towards staff, and an inability to obey instructions. They also noted that defendant had limited basic academic skills—testing indicated his basic skills were at a second grade level—and was mildly retarded, with an IQ of 60. Defendant also had multiple past diagnoses including attention-deficit/hyperactivity disorder, bipolar disorder, intermittent explosive disorder, learning disorder not otherwise specified, oppositional defiant disorder, receptive-expressive language disorder, conduct disorder, disruptive behavior disorder not otherwise specified, borderline intellectual functioning, and Klinefelter syndrome. The examining doctors also noted defendant was difficult to understand at times, had difficulty sitting still or paying attention, often had to have questions and instructions repeated and simplified, was "quite delayed in terms of his intellectual and reasoning skills," and his insight, judgment, and reasoning were all significantly impaired.

3

discharged a firearm in the assault. (Pen. Code, § 12022.53, subd. (c).) Prior to retrial, defendant again moved to act as his own counsel. The trial court (Judge Laurie M. Earl, a different judge than had heard the prior *Faretta* motion) denied the motion after reviewing the report Dr. Nakagawa had prepared relative to defendant's prior motion to represent himself. In denying the motion, the trial court found as follows:

"I do note that in Dr. Nakagawa's report she did interview [defendant] and some of the information she also reviewed was records from the jail Psychiatric Service's [*sic*] Center for both [defendant's] incarceration in both 2011 and 2012. She did determine through conversation with [defendant] that his education level he did not complete the 10th grade. That he is a client of the Alta, California regional center with a diagnosis of mild to moderate retardation. In 2011 and in 2012 he was diagnosed with depressive disorder not otherwise specified and psychotic disorder not otherwise specified.

"I have also had the opportunity to observe [defendant] during the course of our hearings and trial and while I don't have any doubt that [defendant] is competent to stand trial, I believe he understands the nature of the charges against him, I believe that he could if he chose to assist his attorney in preparing for his defense, I don't believe that he's sufficiently competent enough because of the factors that I just mentioned to conduct trial proceedings by himself."

At the conclusion of the retrial, the jury found the allegation that defendant had personally and intentionally discharged a firearm to be not true. The trial court sentenced defendant to 19 years eight months in state prison and awarded him 1,033 days of presentence custody credit.[3]

---

[3] In his opening brief, defendant also raised the contention that he was entitled to additional presentence custody credit. However, he withdrew that contention as moot in his reply brief in light of the trial court's subsequent modification of its judgment to

4

## DISCUSSION

Defendant contends the trial court committed reversible error when it denied his second request for self-representation.[4] He claims the matter should be reversed and remanded so that defendant can act as his own counsel in sentencing proceedings and in any potential motion for new trial because there was not sufficient evidence that defendant suffers from a severe mental illness to prevent self-representation. We disagree.

The Sixth Amendment to the United States Constitution provides criminal defendants with the right to self-representation. (*Faretta*, *supra*, 422 U.S. at pp. 818, 821 [45 L.Ed.2d at pp. 572, 574].) However, where a defendant has a mental incapacity, though he or she may be competent to stand trial, a state may permit a trial court, within its discretion, to deny self-representation in some circumstances. (*Indiana v. Edwards* (2008) 554 U.S. 164, 174 [171 L.Ed.2d 345, 355].) *Edwards* identified those defendants who are deemed competent to stand trial but not to represent themselves as "gray-area defendants." (*Id.* at p. 173 [171 L.Ed.2d at p. 355].) In California, gray-area defendants may have their right to self-representation abridged where "the defendant suffers from a severe mental illness to the point where he or she cannot carry out the basic tasks needed to present the defense without the help of counsel." (*People v. Johnson* (2012) 53 Cal.4th 519, 530 (*Johnson*).)

A trial court that doubts a defendant's mental competence for self-representation, may seek a psychological or psychiatric examination of the defendant in that regard, and " 'should be cautious about making an incompetence finding without benefit of an expert

---

award him a total of 1,202 days of credit (1,046 days of actual time and 156 days of conduct credit).

[4] Defendant does not challenge the trial court's denial of his initial *Faretta* motion, noting it was premised on removal of his attorney, and thus became moot when the attorney was removed prior to trial.

evaluation, though the judge's own observations of the defendant's in-court behavior will also provide key support for an incompetence finding and should be expressly placed on the record.' " (*Johnson*, *supra*, 53 Cal.4th. at pp. 530-531 & fn. 1.) In reviewing a trial court's determination that a defendant is not competent to represent himself, we defer to the trial court's discretion, upholding that determination where it is supported by substantial evidence. (*Id.* at p. 531.) Under this standard, " '[i]f the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' " (*People v. Gardner* (2014) 231 Cal.App.4th 945, 959 (*Gardner*).)

Here, Dr. Nakagawa's report revealed defendant's lengthy history of psychiatric problems as well as his limited cognitive abilities. Additionally, as the trial court noted, Dr. Nakagawa's report and other reports also revealed defendant was diagnosed with mild to moderate retardation, depressive disorder and psychotic disorders. Dr. Nakagawa assessed that defendant has problems processing information in a thoughtful, coherent way. Defendant too admitted during the course of *Marsden* hearings that he was not able to comprehend questions or information presented orally, and instead required information to be presented to him in writing so that he could consider it. Finally, Dr. Nakagawa opined that due to defendant's "profound limitations" it would be difficult if not impossible for him to represent himself, and "it would be foolhardy, if not disastrous" to permit him to do so. This is substantial evidence to support the trial court's finding that defendant was not competent to represent himself.

Thus, contrary to defendant's assertion, whether there is other evidence in the record to indicate defendant may have been competent to represent himself, is not determinative. The trial court weighed the expert evaluation of Dr. Nakagawa and considered its own observations of defendant in determining that defendant was not competent to represent himself through retrial on the firearm enhancement and thereafter,

which may include presentation of evidence, examination of witnesses, instruction of and argument to the jury, and sentencing proceedings. "We will not second-guess that decision." (*Gardner*, *supra*, 231 Cal.App.4th at p. 960.)

## DISPOSITION

The judgment is affirmed.


      BUTZ      , J.


We concur:


     NICHOLSON   , Acting P. J.


     HULL      , J.